UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT J. NORKUS and
SANDRA S. NORKUS,

      Plaintiffs,

                                    File No. 1:13-CV-1327

v.

                                    HON. ROBERT HOLMES BELL

ING U.S., INC.,

      Defendant.
                                  /

**O P I N I O N**

      This is before the court on Defendant ING U.S., Inc.'s Motion for Summary Judgment (ECF No. 19) and Motion for Sanctions (ECF No. 20.) Plaintiffs Robert and Sandra Norkus filed this action for breach of contract and gross negligence arising out of ING's obligations under Mr. Norkus's life insurance policy. For the reasons stated below, Defendant ING's Motion for Summary Judgment and Motion for Sanctions will be granted.

**I.**

      Security-Connecticut Life Insurance Company n/k/a Reliastar Life Insurance Company (the "Insurer")[1] issued two life insurance policies to Plaintiff Robert Norkus: Policy No. 987555R for $500,000 (referred to as "Policy 1" in the First Amended Complaint) and Policy No. 984245M for $500,000 ("Policy 2"). (First Am. Compl. ¶ 3, ECF No. 5; Policy 2, ECF No. 14.) Mr. Norkus was the owner and insured under the policies (*Id.*, ¶ 4).

---

[1] The Insurer signed an agreement to become part of Defendant ING in 2000.

According to Plaintiffs, Sandra S. Norkus is a constructive beneficiary of both Policy 1 and 2. (*Id.*, ¶ 4.)

In their complaint, Plaintiffs identify Policy 1 as the policy at issue in this matter; however, all briefings and exhibits suggest that Policy 2 is the policy at issue. In their brief, Plaintiffs state that on November 15, 1991, Old Kent Bank, as Trustee of the Robert J. Norkus Trust, became the owner and beneficiary of Policy 2. (Pl.'s Br. 1, ECF No. 21.) The parties seem to agree that Old Kent Bank, as Trustee, became the beneficiary of Policy 2 sometime in 1991 (First Am. Compl., ¶ 6; Def.'s Br. 6; Ex. D, ECF No. 19-5.) Plaintiffs have filed no evidence whatsoever in support of their claim that Old Kent Bank also owned Policy 2.

On January 23, 1997, Mr. Norkus assigned and transferred Policy 2 to Old Kent Bank ("Bank") as collateral for a loan. (First Am. Compl., ¶ 7; Def.'s Br., Ex. A, ECF No.19-2.) Mr. Norkus signed the Assignment as Policy Owner. (Def.'s Br., Ex. A.) Under that agreement, the Bank was entitled to receive up to $300,000 of net proceeds of Policy 2. (First Am. Compl., ¶ 7; Def.'s Br., Ex. A, ¶ J.) The Insurer acknowledged having received the Assignment on May 5, 1997. (Def.'s Br., Ex. E, ECF No. 19-6.)

Among the terms of the Assignment, Mr. Norkus assigned to the Bank the "sole right to surrender the Policy and surrender value at any time provided by the terms of the Policy and at any other times as Insurer may allow. (Def.'s Br., Ex. A, ¶ B1.) Furthermore, the Insurer was authorized to recognize the Bank's claims to rights under the Assignment

2

without investigating the reason the Bank took action, the amount of indebtedness, the validity of the indebtedness, or the existence of any default on indebtedness. (*Id.*, ¶ F.)

On June 29, 2011, the Bank requested a surrender of Policy 2 for its cash value because Mr. Norkus had defaulted on the terms of his loan from the Bank. (Def.'s Br., Ex. B, ECF No. 19-3.) The Insurer issued a check on July 14, 2011 to the Bank for the net proceeds of Policy 2 in the amount of $110,309.01. (Def.'s Br., Ex. C, ECF No. 19-4; First Am. Compl., ¶ 8.)

## II.

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas and Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Nevertheless, the mere existence of a scintilla of evidence in support of a non-movant's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the

evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476–80 (6th Cir. 1989).

### III.

Plaintiffs bring one claim of breach of contract against Defendant. In their Response to Defendant's Motion to Dismiss, Plaintiffs withdrew their claim of gross negligence. (Pl.'s Br., 5.) Plaintiffs have also stated, "Here, Plaintiffs' claims are utterly meritless and no reasonable trier of fact could find other than in favor of Defendant." (*Id*., 3–4.) The Court assumes that this statement is a careless typographical error as a result of Plaintiffs' counsel cutting-and-pasting an entire section of Defendant's brief into his own brief. The Court nevertheless agrees that Plaintiffs' claims are meritless, for the reasons stated below.

This Court, sitting in diversity, applies the substantive law of Michigan. *Klaxton v. Senator Elec. Mfg. Co.,* 313 U.S. 487 (1942); *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938). Under Michigan law, a plaintiff's breach of contract claim must prove (1) the existence of a contract; (2) the terms of the contract; (3) that the defendant breached the contract; (4) that the breach caused the plaintiff's injury. *Webster v. Edward D. Jones & Co.,* 197 F.3d 815, 819 (6th Cir. 1999). The existence of a contract is not in dispute here.

The basis of Plaintiff's breach of contract claims is that "ING had a contractual obligation to conduct its policy obligations at the direction of Plaintiff Robert J. Norkus and to maintain the existence of the policy until and if directed to the contrary by Plaintiff Robert J. Norkus and approved by Sandra S. Norkus." (First Am. Compl. ¶ 18.) Yet in their brief,

4

Plaintiffs allege that Mr. Norkus is neither owner, nor beneficiary, of the Policy. (Pl.'s Br. 1.) They fail to explain why Defendant must conduct itself as his direction—or how—if Mr. Norkus is neither the owner nor beneficiary. Plaintiffs point to no contractual terms or provision to support their point. They also provide no support of their contention that the Bank, as Trustee, owned the Policy.

Moreover, Plaintiffs admit in their complaint that Mr. Norkus assigned $300,000 of the Policy to the Bank as collateral (First Am. Compl., ¶ 7,) yet they argue that on April 23, 1997, Defendant ING permitted the Bank to assign the Policy to itself (Pl.'s Br. 1.) Plaintiffs have offered no facts or evidence to rebut the validity of his Assignment or to show that Mr. Norkus did not have authority to fix his signature to the Assignment. (Def.'s Br., Ex. A.)

The clear and unambiguous terms of the Assignment, signed by Mr. Norkus, provided the Bank the "sole right to surrender the Policy and receive its surrender value at any time provided by the terms of the Policy and at any other times as Insurer may allow." (*Id.*, ¶ B1.) *See New Amsterdam Cas. Co. v. Sokolowski*, 132 N.W. 2d 66, 68 (Mich. 1965). Mr. Norkus explicitly authorized Defendant to recognize the Bank's claims to rights under the Assignment, without investigating the reason. (*Id.*, ¶ A.) Plaintiffs have failed to show how Defendant breached the contract.

Plaintiffs have also failed to show a legally cognizable injury, let alone that a breach caused it. Defendant issued a check to the Bank for the surrender value in the amount of $110,309.01. This amount does not exceed the maximum amount of $300,000 that the Bank

was entitled to receive under the terms of the Assignment.

Finally, Plaintiffs have made absolutely no showing that Sandra Norkus has any rights under the terms of Robert Norkus's life insurance policies. She is not a party to the contract, nor have the parties produced evidence that she is a beneficiary of the life insurance policy or the Robert J. Norkus Trust. Mrs. Norkus lacks standing to sue on the policy. *See Schmalfeldt v. North Pointe Ins. Co.*, 670 N.W. 2d 651, 654 (Mich. 2003). The Court will dismiss Plaintiffs' breach of contract claim.

### IV.

Federal Rule of Civil Procedure 11(b) governs representations to the Court:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> . . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .

Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

"In this circuit the test for imposition of Rule 11 sanctions is whether the attorney's conduct was reasonable under the circumstances." *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997). "[T]he imposition of Rule 11 sanctions requires a showing of 'objectively unreasonable conduct[.]'" *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002) (quoting *United States v. Kouri-Perez*, 187 F.3d 1, 8 (1st Cir. 1999)).

Plaintiffs have opted to not respond to Defendant's Motion for Sanctions other than to request the Court to deny the motion. The Court finds that the claims presented by Plaintiffs are not warranted by existing law, nor do their factual contentions have evidentiary support. *See* Fed. R. Civ. P. 11(b)(2)–(3). Plaintiffs' counsel persisted in pursuing the claim even after defense counsel made him aware it utterly lacked merit. (Def.'s Br., Exs. A–H, ECF No. 20.) Moreover, Plaintiffs failed to bolster their claims with any factual support despite ample time to conduct discovery. Plaintiffs could not even correctly identify the policy which formed the very basis of their claims, let alone file a copy of the policy or any related evidence, instead relying on Defendant. (ECF No. 14.) Even after Plaintiffs obtained a copy of the policy, their counsel could not point to a single provision in it to support their breach claim. Counsel for Plaintiffs has demonstrated sloppiness by copying-and-pasting an entire section of Defendant's brief, and nearly damned his own clients by inadvertently calling their claims "utterly meritless." *See Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 372–74 (6th Cir. 1996). The Court finds that the actions of Plaintiffs'

7

counsel meet the "objectively unreasonable conduct" standard." *First Bank of Marietta*, 307 F.3d at 517; *see also Essroc Cement Corp. v. CPRIN, Inc.* No. 1:08-cv-974, 2009 WL 2033052, *20–23 (W.D. Mich. July 9, 2009) (Maloney, C.J.).

"[B]efore an award of attorneys' fees may be made under [Rule 11], it must be shown that the fees were incurred because of the filing of an improper pleading." *Bodenhamer Bldg. Corp. v. Architectural Research Corp.*, 989 F.2d 213, 218 (6th Cir. 1993). "[W]hile Rule 11 provides this court with authority to grant attorney fees incurred in presenting the Motion for Sanctions, the sanctions should primarily reflect fees incurred as a result of the offensive pleading." *Kassab v. Aeta Indus., Inc.*, 265 F.Supp.2d 819, 824 (E.D. Mich. 2003). The Court finds that the conduct of Plaintiffs' counsel in pursuing this claim and persisting in its meritless claims in response to Defendant's motion for summary judgment warrants an award of attorneys' fees to Defendant for the cost of filing its motion.

An order shall follow in accordance with this opinion.


Dated: December 12, 2014                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE